No. 28,220. ·

ADVANCE-RUMLEY THRESHER COMPANY, *Appellee*, v. JOE SCHAWO
et al., *Appellants*.

(268 Pac. 738.)

Opinion filed
July 7, 1928.

*F. S. Macy*, of Liberal, and *John W. Davis*, of Greensburg, for the appellants.

*Chester I. Long, J. D. Houston, Austin M. Cowan, Claude I. Depew, James G. Norton, W. E. Stanley*, all of Wichita, and *John C. King*, of Liberal, for the appellee.

The opinion of the court was delivered by

HOPKINS, J.: The action was one to recover a balance of the purchase price for a combine harvester-thresher. Defense that the contract of purchase executed by the defendants was procured by fraud and misrepresentation. A demurrer to the defendants' evidence was sustained, and they appeal.

Without entering into an extensive and detailed statement of the facts, it appears that prior to the harvest of 1926 the defendants entered into a contract for the purchase of a combine harvester. - They paid $750 on the purchase price and signed notes and a mortgage on the machinery to secure the balancê; received the machine and proceeded therewith to harvest. Difficulties were en-

countered, but they procured repairs and assistance from the plaintiff and continued the harvest. Upon their declining to pay the balance on the contract, plaintiff repossessed the property, sold it, credited defendants with the proceeds of the sale and sued to recover the balance due.

The defendants admit that they failed to comply with the terms of the written contract in such manner as to enable them to reply upon a written warranty contained therein, but contend they were relieved from the provisions of the contract because they were induced to sign it by fraudulent misrepresentations. The misrepresentations pleaded appear to be precisely the same as the stipulations of the warranty. The written contract also contained a provision to the effect that "there are no representations, warranties or conditions, express or implied, statutory or otherwise, except those herein contained." It is clear that the statements and representations alleged by the defendants as a basis of their claim of fraud are identical with the written warranty inserted in the contract which they signed, and therefore, merged in the written contract on which they admit they cannot recover. They now say that "they abandon any issue of rescission or warranty; that the only question submitted is their right to avoid the contract on the ground of fraud in its inception." We are of opinion the defense of fraud in the procurement of the contract cannot be sustained. Having made the representations part of the warranty, it is apparent the defendants did not rely upon the oral representations.

The general rule is that where express warranties covering the identical representations of the seller are inserted in the contract, the buyer is presumed to have relied upon the warranty and not upon the representations, and cannot therefore base a charge of fraud on the falsity of the representations. (See 24 R. C. L. 339.) The warranty in the instant case covered precisely the ground embraced in the alleged false representation, and shows rather conclusively that the plaintiffs did not rely on the verbal statements, but elected to protect themselves by the express written warranty. (See *Reeves v. Corning,* 51 Fed. 774.) Not being in position to rescind or rely on the written warranty, the defendants had no ground of defense.

The judgment is affirmed.